IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| GEISSELE AUTOMATICS, LLC, and WHG PROPERTIES, LLC<br><br>Plaintiffs<br><br>v.<br><br>LEWIS MACHINE & TOOL COMPANY<br><br>Defendant | Case No. 4:19-cv-4030-SLD-JEH<br><br>JURY DEMANDED |

### DEFENDANT'S ANSWER TO COMPLAINT
### FOR PATENT INFRINGEMENT AND COUNTERCLAIMS

Defendant, Lewis Machine & Tool Company (herein referred to as "LMT" or "Defendant"), by their attorneys, hereby answer the complaint for patent infringement of Plaintiffs, Geissele Automatics, LLC and WHG Properties, LLC (collectively, "Plaintiffs") as follows:

### THE PARTIES

1. Plaintiff Geissele Automatics, LLC ("Geissele"), the exclusive licensee of U.S. Patent No. 7,600,338 (the "'338 Patent"), is a Pennsylvania limited liability company with a principal place of business at 800 North Wales Road, North Wales, PA 19454.

**RESPONSE:** LMT is without sufficient information to determine the accuracy of the allegations of this paragraph, and therefore denies them.

2. Plaintiff WHG Properties, LLC ("WHG Properties"), the owner of the '338 Patent, is a Pennsylvania limited liability company with a principal place of business at 800 North Wales Road, North Wales, PA 19454.

1

**RESPONSE:** LMT is without sufficient information to determine the accuracy of the allegations of this paragraph, and therefore denies them.

3. Upon information and belief, Defendant Lewis Machine & Tool Company has its principal place of business at 1305 11th St W, Milan, IL 61264.

**RESPONSE:** Admitted.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the federal claims of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338. This Court has personal jurisdiction over Defendant because it has engaged in acts constituting infringement in the Central District of Illinois. Venue in this district is proper pursuant to 28 U.S.C. § 1400(b) as, upon information and belief, Defendant has its principal place of business in this district.

**RESPONSE:** LMT admits that this Court has subject matter jurisdiction because the Complaint alleges patent infringement and admits this Court has personal jurisdiction over Defendant, but is otherwise without sufficient information to determine the accuracy of the allegations of this paragraph, and therefore denies them. As to venue, LMT specifically reserves the right to seek to transfer this case to the Southern District of Iowa, Davenport Division, where LMT prior to the filing of this action acquired a new location for its principal place of business in Eldridge, Iowa and where LMT's principal manufacturing and record keeping will soon be located and maintained for the foreseeable future.

## STATEMENT OF FACTS

5. Established in 2004, Geissele is a premier trigger manufacturer in the United States. Throughout the years, it has invested enormous amounts of time and money in researching and developing unique designs of firearm components and accessories including, but

2

#1619530

not limited to, triggers, rails, gas blocks, armorer tools, and other products, that have been supplied to both civilian consumers and the U.S. military, including Special Operations Forces.

**RESPONSE:** LMT is without sufficient information to determine the accuracy of the allegations of this paragraph, and therefore denies them.

6. WHG Properties is the owner of the '338 Patent, Geissele is the exclusive licensee of the '338 Patent. A copy of the '338 Patent is attached as Exhibit A.

**RESPONSE:** LMT is without sufficient information to determine the accuracy of the allegations of this paragraph, and therefore denies them

7. The '338 Patent claims a novel and highly advantageous construction of a trigger assembly that compatible with various weapon platforms (*e.g.*, AR-15 type rifles). Among many advantages, the claimed trigger assembly design provides increased firing control and reduces the risk of accidental discharge.

**RESPONSE:** Denied.

8. Defendant makes, uses and/or sells a trigger assembly that infringes the '338 Patent, including the Two-Stage Trigger Group ("Accused Device") literally and under the doctrine of equivalents. A version of the Accused Device is depicted in screen captures of Defendant's website that were enclosed with Plaintiff's December 17, 2018 cease and desist letter to Defendant, which is attached as Exhibit B.

**RESPONSE:** LMT admits to selling a trigger assembly, but denies that the Accused Device infringes the '338 Patent. As to the remainder of the allegations, LMT is without sufficient information to determine their accuracy and therefore denies them.

9. Without limitation, the Accused Device infringes independent claim 7 of the '338 Patent. The Accused Device is a multi-stage trigger for automatic weapons.

**RESPONSE:** As there has not yet been a determination of the proper scope to be given each of the terms of claim 7, LMT is without sufficient information to determine the accuracy of the allegations of this paragraph, and therefore denies them. It is noted that the Accused Device is for semi-automatic weapons.

10. The Accused Device is comprised of a spring loaded trigger, a spring loaded disconnector and a spring loaded hammer.

**RESPONSE:** As there has not yet been a determination of the proper scope to be given each of the terms of claim 7, LMT is without sufficient information to determine the accuracy of the allegations of this paragraph, and therefore denies them.

11. The Accused Device includes a trigger that is pivotally connected to a firearm and the disconnector.

**RESPONSE:** As there has not yet been a determination of the proper scope to be given each of the terms of claim 7, LMT is without sufficient information to determine the accuracy of the allegations of this paragraph, and therefore denies them.

12. The trigger on the Accused Device has a trough which houses said disconnector and having a trigger sear hook located near the front of said trigger which incorporates the primary trigger sear and an aperture through said trigger sear hook for said disconnector to operate, said aperture comprises an opening of sufficient size to allow the disconnector to fully traverse the length of the trigger sear hook aperture and exit the front side of the trigger sear hook.

**RESPONSE:** As there has not yet been a determination of the proper scope to be given each of the terms of claim 7, LMT is without sufficient information to determine the accuracy of the allegations of this paragraph, and therefore denies them.

13. The Accused Device includes a hammer that is pivotally connected to the firearm.

**RESPONSE:** As there has not yet been a determination of the proper scope to be given each of the terms of claim 7, LMT is without sufficient information to determine the accuracy of the allegations of this paragraph, and therefore denies them.

14. The trigger on the Accused Device has a pulling surface for the shooter to pull said trigger and said trigger and said hammer each including an engagement means for engaging each other so that said hammer is held in a cocked position prior to said trigger being actuated.

**RESPONSE:** As there has not yet been a determination of the proper scope to be given each of the terms of claim 7, LMT is without sufficient information to determine the accuracy of the allegations of this paragraph, and therefore denies them.

15. The disconnector on the Accused Device is pivotally connected to the trigger, said disconnector having a contact means for interacting with the hammer to increase the pressure required to pull the trigger and having a disconnector spring for holding said disconnector in a predetermined position until sufficient force is applied to overcome the resistance of said disconnector spring, the forward portion of said disconnector is of sufficient length to pass fully through and exit said trigger sear hook aperture said disconnector has a contact means for contacting the front of the trigger during normal use.

**RESPONSE:** As there has not yet been a determination of the proper scope to be given each of the terms of claim 7, LMT is without sufficient information to determine the accuracy of the allegations of this paragraph, and therefore denies them.

16. The hammer on the Accused Device includes a contact means for contacting said disconnector contact means so that when said trigger is first pulled the contact means contacts said disconnector and increases the pressure required to pull said trigger completely and disengage the engagement means of said hammer and said trigger.

**RESPONSE:** As there has not yet been a determination of the proper scope to be given each of the terms of claim 7, LMT is without sufficient information to determine the accuracy of the allegations of this paragraph, and therefore denies them.

## CLAIM FOR PATENT INFRINGEMENT

17. Plaintiffs refer to and incorporate by reference all preceding paragraphs as though fully set forth herein.

**RESPONSE:** LMT refers to and incorporates by reference all preceding paragraphs as though fully set forth herein.

18. Plaintiffs own and exclusively license the '338 Patent, a copy of which is attached hereto as Exhibit A and is also incorporated by reference.

**RESPONSE:** LMT is without sufficient information to determine the accuracy of the allegations of this paragraph, and therefore denies them

19. Defendant has infringed, literally and/or under the doctrine of equivalents, the '338 Patent, including independent claim number 7.

**RESPONSE:** Denied.

20. Defendant has knowledge of the '338 Patent since at least December 17, 2018, as reflected in the cease and desist letter attached as Exhibit B. Defendant's continued infringement is knowing and willful.

**RESPONSE:** LMT admits that it received Exhibit B on December 17, 2018, but denies that it infringes any valid claim of U.S. Patent 7,600,338, and denies that there ever has been any knowing or willful infringement of the referenced patent.

21. As a result of Defendant's acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial.

**RESPONSE:** Denied.

## JURY DEMAND

22. Plaintiff's demand a jury trial.

**RESPONSE:** LMT also demands a jury trial.

## AFFIRMATIVE DEFENSES

LMT alleges and asserts the following defenses in response to the allegations by Plaintiffs, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. LMT reserves the right to supplement its defenses as the result of any information that it confirms or learns during the course of discovery in this matter.

1. LMT has not infringed and/or is not infringing, under any theory of infringement, a valid and enforceable claim of the '338 Patent.

2. Some or all of the claims of the '338 Patent are invalid based upon the prior art under 35 U.S.C. §§ 102 and/or 103.

3. Some or all of the claims of the '338 Patent are invalid based upon the law of enablement or written description under 35 U.S.C. § 112.

4. To the extent that Plaintiff(s) and any predecessors in interest to the '338 Patent failed to properly mark its products or materials under 35 U.S.C. §287, or otherwise give proper notice that LMT's actions allegedly infringe the '338 Patent, LMT is not liable to Plaintiff(s) for the act alleged to have been performed before it received actual notice that it was allegedly infringing the '338 Patent.

5. The claims of the '338 Patent are not entitled to a scope sufficient to encompass any product manufactured and/or sold by LMT.

6. Plaintiff is estopped by virtue of prior art and/or due to conduct and representations made during the prosecution of the '338 Patent from asserting infringement against LMT.

## COUNTERCLAIMS

### THE PARTIES

1. Counterclaim-Plaintiff, Lewis Machine & Tool Company ("LMT") is a corporation organized under the laws of the State of Illinois, and has a principal place of business at 1305 11th. St. W., Milan, Illinois 61264, soon to be in Eldridge, Iowa.

2. On information and belief, and based on Paragraph 1 of the Complaint as pled by Plaintiffs, counterclaim defendants Geissele Automatics, LLC and WHG Properties, LLC (collectively "Plaintiff") are each Pennsylvania limited liability companies having a principal place of business at 800 North Wales Road, North Wales, Pennsylvania 19454.

### JURISDICTION

3. These counterclaims arise under the patent laws of the United States, Title 35, U.S.C. The jurisdiction of this Court is proper under at least 28 U.S.C. §§ 1331 and 1338 and 28 U.S.C. §§2201 and 2202.

4. This court has personal jurisdiction over Plaintiff by, *inter alia*, Plaintiff's filing of its Complaint against LMT.

5. Venue may be made in this District, pursuant to at least 28 U.S.C. §§ 1391 and 1400, but would preferably be in the Southern District of Iowa, should this case be transferred there.

## Count I

### Declaratory Relief Regarding Non-infringement

6. Plaintiffs have alleged that LMT has infringed and is continuing to infringe the '338 Patent. LMT denies that it has infringed any valid claim of the '338 Patent.

7. Accordingly, there is an actual, immediate, and justiciable controversy between the parties.

8. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, LMT requests a declaration by the Court that it does not infringe any claim of the '338 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## Count II

### Declaratory Relief Regarding Invalidity

9. Plaintiffs have alleged that LMT has infringed and is continuing to infringe the '338 Patent. LMT denies these allegations because, among other things, the claims of the '338 Patent are invalid under the patent laws of the United States, including one or more provisions of 35 U.S.C. §§ 102, 103 and 112.

10. Accordingly, there is an actual, immediate, and justiciable controversy between the parties.

11. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, LMT requests a declaration by the Court that the claims of the '338 Patent are invalid under at least Title 35 U.S.C. §§102, 103 and/or 112.

## PRAYER FOR RELIEF

**WHEREFORE**, LMT respectfully prays that the Court enter judgment:

a. Declaring that LMT has not infringed and/or is not infringing any valid claim of the '338 Patent;

b. Declaring that the claims of the '338 Patent are invalid;

c. Entering judgment in favor of LMT dismissing Plaintiffs' complaint with prejudice;

d. Declaring this an exceptional case under 35 U.S.C. § 285 in favor of LMT;

e. Awarding LMT its costs, including attorneys' fees, incurred in defending this action; and

f. Awarding LMT such other relief as the Court deems just and proper.

Dated: March 26, 2019

Respectfully submitted,

s/John C. McNett
William A. McKenna (admission application in process) (designated lead counsel)
John C. McNett
Woodard, Emhardt, Henry, Reeves & Wagner, LLP
111 Monument Circle, Suite 3700
Indianapolis, Indiana 46204
Tel: (317) 634-3456
Fax: (317) 637-7561
Email: jmcnett@uspatent.com
wmckenna@uspatent.com

***Attorneys for Defendant, Lewis Machine & Tool Company***

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2019, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing via electronic mail to counsel of record registered with this Court.

s/John C. McNett
John C. McNett

#1619530